**Glenn Verchick, Esq.**
**The Law Office of Glenn Verchick**
**125 Elm Street, Suite 3**
**Westfield, New Jersey 07090**
**(908) 232-3661**
**Email: gv@gverchicklaw.com**
**Attorney for Plaintiff, Stephen Matlin**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

........................................................................
STEPHEN MATLIN,

**COMPLAINT**

Plaintiff,

-against-

**JURY TRIAL**
**DEMANDED**

ELRAC, LLC d/b/a ENTERPRISE RENT A CAR,
ENTERPRISE HOLDINGS, INC., ABC CORP
1-10 and  JOHN/JANE DOE 1-10,
                                        Defendants.

----------------------------------------------------------------

Plaintiff, by his attorney, THE LAW OFFICE OF GLENN VERCHICK, complaining of

the Defendants, alleges, upon information and belief:

FACTUAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

1.          That on June 30, 2019, and at the time of commencement of this action,

Plaintiff was a resident of the County of Richmond, State of New York.

2.          Defendant, **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR,** is a

foreign limited liability company incorporated in the State of Delaware with a

principal place of business in the State of New Jersey at 1550 State Route 23, #2499, Wayne, New Jersey .

3.        Defendant, **ENTERPRISE HOLDINGS, INC.,** is a foreign corporation with a principal place of business at 600 Corporate Park Drive, St. Louis, Missouri.

4.        Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case, therefore jurisdiction is proper herein.

## AS AND FOR A FIRST CAUSE OF ACTION

1.        That on June 30, 2019, and at all times hereinafter mentioned, Defendant, **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR**, was and still is a foreign limited liability corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

2.        That at all times hereinafter mentioned, the Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR** was and still is an entity duly authorized to do business in the State of New Jersey.

3.        That at all times hereinafter mentioned, the Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR** maintained a principal place of business in the County of Passaic, State of New Jersey.

4.        That at all times hereinafter mentioned, the Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR** owned the premises known as **ENTERPRISE**

**RENT A CAR** located at 25 Airport Bldg, 25, Newark, NJ 07114 (hereinafter the "premises").

5.        That at all times hereinafter mentioned, the Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR**, was the managing agent of the premises.

6.        That at all times hereinafter mentioned, the Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR**, was the lessor of the aforesaid premises.

7.        That at all times hereinafter mentioned, the Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR**, was the lessee of the aforesaid premises.

8.        That at all times hereinafter mentioned, the Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR**, operated the aforesaid premises.

9.        That at all times hereinafter mentioned, the Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR**, managed the aforesaid premises.

10.       That at all times hereinafter mentioned, the Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR**, its agents, servants and/or employees controlled the aforesaid premises.

11.       That at all times hereinafter mentioned, the Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR**, its agents, servants and/or employees maintained the aforesaid premises.

12.       That at all times hereinafter mentioned, the Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR**, its agents, servants and/or employees repaired the aforesaid premises.

13.       On June 30, 2019, Plaintiff **STEPHEN MATLIN** rented a car from Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR.** The Enterprise Rent a

Car, from which Plaintiff **STEPHEN MAITLIN** rented, was located in Staten Island, New York.

14.        On June 30, 2019, the vehicle Plaintiff **STEPHEN MATLIN** rented from Enterprise Rent a Car overheated and broke down at a location in Staten Island, New York.

15.        On June 30, 2019, Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR**, directed a tow truck to the location in Staten Island, New York where the Plaintiff **STEPHEN MATLIN** was waiting with the disabled car.

16.        On June 30, 2019, the tow truck which was ordered by Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR** gave Plaintiff **STEPHEN MATLIN** a ride to the premises identified as ENTERPRISE RENT A CAR located at 25 Airport Bldg, 25, Newark, NJ 07114.

17.        On June 30, 2019, the tow truck driver, whose company was ordered by Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR,** dropped Plaintiff **STEPHEN MATLIN** outside of the premises identified as ENTERPRISE RENT A CAR located at 25 Airport Bldg, 25, Newark, NJ 07114.

18.        On June 30, 2019, the tow truck driver, whose company was ordered by Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR,** instructed Plaintiff **STEPHEN MATLIN** to seek assistance from an employee of Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR.** The employee was situated in the exit booth at the premises previously identified as ENTERPRISE RENT A CAR located at 25 Airport Bldg, 25, Newark, NJ 07114.

19.         On June 30, 2019, Plaintiff **STEPHEN MATLIN** was lawfully on the aforesaid premises.

20.         On June 30, 2019, Plaintiff **STEPHEN MATLIN** was lawfully on the aforesaid premises with the knowledge, permission and consent of the owner or owners, their agents, servants or employees.

21.         On June 30, 2019, Plaintiff **STEPHEN MATLIN** was lawfully on the aforesaid premises, where a dangerous and defective condition existed for pedestrians.  The dangerous and defective condition consisted of no safe way for pedestrians to access the exit booths or otherwise speak with an employee in a safe manner, from the location where the tow truck driver dropped off Plaintiff **STEPHEN MAITLIN**.

22.         On June 30, 2019, at the aforesaid premises there was no other reasonable point of access for Plaintiff or persons similarly situated, to engage with an Enterprise employee for assistance other than by approaching an employee at an exit booth.

23.         On June 30, 2019, there were no warning signs, from the place where Plaintiff was dropped off by the tow truck driver to the Enterprise exit booths, warning persons not to approach the exit booths.

24.         On June 30, 2019, Plaintiff **STEPHEN MATLIN** approached the Defendant employee who was situated in the exit booth.  Plaintiff, **STEPHEN MATLIN,** was simultaneously struck on the head by the gate arm for exiting vehicles and catapulted in the air by the release of the in ground disappearing road barrier causing him  to sustain significant injuries requiring hospitalization.

25.        The above mentioned occurrence and the results thereof, were caused by the joint, several and concurrent negligence of the Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR**,  and/or said Defendant's agents, servants, employees and/or licensees in the ownership, operation, management, supervision, maintenance and control of the aforesaid situs of the accident; in having knowingly allowed, created and/or permitted the aforesaid premises and adjacent area to be, become and remain, in an unsafe, hazardous, and otherwise dangerous and defective condition; in putting Plaintiff, **STEPHEN MATLIN,** in a position of peril; in negligently failing to provide a safe passage for pedestrians, in failing to timely remedy the aforesaid negligent and dangerous conditions of the aforesaid area despite actual and/or constructive notice of the defective and dangerous conditions of same; in failing to warn the Plaintiff, **STEPHEN MATLIN**, and others of the dangerous and defective conditions thus creating a menace and hazardous condition for persons who would lawfully traverse the premises; in failing to give Plaintiff, **STEPHEN MATLIN** guidance, instruction and assistance reasonably designed to navigate, transport and deliver Plaintiff, **STEPHEN MATLIN** from his position of peril with the disabled vehicle to a location where he was not subject to bodily harm; and, the Defendants their agents, servants and/or employees were otherwise negligent in failing to take proper and suitable precautions to prevent and/or avoid the aforesaid accident.

26.        That the Defendants had both actual and constructive notice of the aforesaid dangerous conditions and/or created aforesaid dangerous conditions.

27.        That at all times hereinafter mentioned, Defendants, their agents, servants and/or employees, were negligent in that they breached their duty to the Plaintiff **STEPHEN MATLIN** and public at large.

28.        That the aforesaid accident and the injuries to the Plaintiff **STEPHEN MATLIN** resulting there from were caused and sustained solely and wholly by reason of the negligence and carelessness of the Defendants, their agents, servants and/or employees and was, in no way, caused by the negligence or want of care on the part of the Plaintiff, **STEPHEN MATLIN** contributing thereto.

29.        That by reason of the foregoing, Plaintiff, **STEPHEN MATLIN** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss there from.

## AS AND FOR A SECOND CAUSE OF ACTION

1.        That on June 30, 2019, and at all times hereinafter mentioned, Defendant, **ENTERPRISE HOLDINGS, INC.,** was and still is a foreign corporation duly organized and existing under and by virtue of the laws of the State of Missouri.

2.        That at all times hereinafter mentioned, the Defendant **ENTERPRISE HOLDINGS, INC.,** was and still is an entity duly authorized to do business in the State of New Jersey.

3.        That at all times hereinafter mentioned, the Defendant **ENTERPRISE HOLDINGS, INC.,** maintained a principal place of business in State of Missouri at 600 Corporate Park Drive, St. Louis, Missouri.

4.        That at all times hereinafter mentioned, the Defendant **ENTERPRISE HOLDINGS, INC.,** owned the premises known as ENTERPRISE RENT A CAR located at 25 Airport Bldg, 25, Newark, NJ 07114 (hereinafter the "premises").

5.        That at all times hereinafter mentioned, the Defendant **ENTERPRISE HOLDINGS, INC.,** was the managing agent of the premises.

6.        That at all times hereinafter mentioned, the Defendant **ENTERPRISE HOLDINGS, INC.,** was the lessor of the aforesaid premises.

7.        That at all times hereinafter mentioned, the Defendant **ENTERPRISE HOLDINGS, INC.,** was the lessee of the aforesaid premises.

8.        That at all times hereinafter mentioned, the Defendant **ENTERPRISE HOLDINGS, INC.,** operated the aforesaid premises.

9.        That at all times hereinafter mentioned, the Defendant **ENTERPRISE HOLDINGS, INC.,** managed the aforesaid premises.

10.       That at all times hereinafter mentioned, the Defendant **ENTERPRISE HOLDINGS, INC.,** its agents, servants and/or employees controlled the aforesaid premises.

11.           That at all times hereinafter mentioned, the Defendant **ENTERPRISE HOLDINGS, INC.,** its agents, servants and/or employees maintained the aforesaid premises.

12.           That at all times hereinafter mentioned, the Defendant **ENTERPRISE HOLDINGS, INC.,** its agents, servants and/or employees repaired the aforesaid premises.

13.           On June 30, 2019, Plaintiff **STEPHEN MATLIN** rented a car from Defendant **ENTERPRISE HOLDINGS, INC.** The Enterprise Rent a Car was located in Staten Island, New York.

14.           On June 30, 2019, the vehicle Plaintiff **STEPHEN MATLIN** rented from Enterprise Rent a Car overheated and broke down at a location in Staten Island, New York.

15.           On June 30, 2019, Defendant **ENTERPRISE HOLDINGS, INC.,** directed a tow truck to the location in Staten Island, New York where the Plaintiff **STEPHEN MATLIN** was waiting with the disabled car.

16.           On June 30, 2019, the tow truck which was ordered by Defendant **ENTERPRISE HOLDINGS, INC.,** gave Plaintiff **STEPHEN MATLIN** a ride to the premises identified as ENTERPRISE RENT A CAR located at 25 Airport Bldg, 25, Newark, NJ 07114.

17.           On June 30, 2019, the tow truck driver, whose company was ordered by Defendant **ENTERPRISE HOLDINGS, INC.,** dropped Plaintiff **STEPHEN MATLIN** outside of the premises identified as ENTERPRISE RENT A CAR located at 25 Airport Bldg, 25, Newark, NJ 07114.

18.       On June 30, 2019, the tow truck driver, whose company was ordered by Defendant **ENTERPRISE HOLDINGS, INC.,** instructed Plaintiff **STEPHEN MATLIN** to seek assistance from an employee of Defendant **ENTERPRISE HOLDINGS, INC.** The employee was situated in the exit booth at the premises previously identified as ENTERPRISE RENT A CAR located at 25 Airport Bldg, 25, Newark, NJ 07114.

19.       On June 30, 2019, Plaintiff **STEPHEN MATLIN** was lawfully on the aforesaid premises.

20.       On June 30, 2019, Plaintiff **STEPHEN MATLIN** was lawfully on the aforesaid premises with the knowledge, permission and consent of the owner or owners, their agents, servants or employees.

21.       On June 30, 2019, Plaintiff **STEPHEN MATLIN** was lawfully on the aforesaid premises, where a dangerous and defective condition existed for pedestrians.  The dangerous and defective condition consisted of no safe way for pedestrians to access the exit booths or otherwise speak with an employee in a safe manner, from the location where the tow truck driver dropped off  Plaintiff **STEPHEN MATLIN**.

22.       On June 30, 2019, at the aforesaid premises there was no other reasonable point of access for Plaintiff **STEPHEN MATLIN**, or persons similarly situated, to engage with an Enterprise employee for assistance other than by approaching an employee at an exit booth.

23.  On June 30, 2019, there were no warning signs, from the place where Plaintiff **STEPHEN MATLIN** was dropped off by the tow truck driver to the Enterprise exit booths, warning persons not to approach the exit booths.

24.  On June 30, 2019, Plaintiff **STEPHEN MATLIN** approached the Defendant employee who was situated in the exit booth. Plaintiff, **STEPHEN MATLIN,** was simultaneously struck on the head by the gate arm for exiting vehicles and catapulted in the air by the release of the in ground disappearing road barrier causing him to sustain significant injuries requiring hospitalization.

25.  The above mentioned occurrence and the results thereof, were caused by the joint, several and concurrent negligence of the Defendant **ENTERPRISE HOLDINGS, INC.,** and/or said Defendant's agents, servants, employees and/or licensees in the ownership, operation, management, supervision, maintenance and control of the aforesaid situs of the accident; in having knowingly allowed, created and/or permitted the aforesaid premises and adjacent area to be, become and remain, in an unsafe, hazardous, and otherwise dangerous and defective condition; in putting Plaintiff, **STEPHEN MATLIN**, in a position of peril; in negligently failing to provide a safe passage for pedestrians, in failing to timely remedy the aforesaid negligent and dangerous conditions of the aforesaid area despite actual and/or constructive notice of the defective and dangerous conditions of same; in failing to warn the Plaintiff, **STEPHEN MATLIN**, and others of the dangerous and defective conditions thus creating a menace and hazardous condition for persons who would lawfully traverse the premises; in failing to give Plaintiff, **STEPHEN MATLIN** guidance, instruction and assistance reasonably designed to navigate, transport and deliver

Plaintiff, **STEPHEN MATLIN** from his position of peril with the disabled vehicle to a location where he was not subject to bodily harm; and, the Defendants their agents, servants and/or employees were otherwise negligent in failing to take proper and suitable precautions to prevent and/or avoid the aforesaid accident.

26.     That the Defendants had both actual and constructive notice of the aforesaid dangerous conditions and/or created aforesaid dangerous conditions.

27.     That at all times hereinafter mentioned, Defendants, their agents, servants and/or employees, were negligent in that they breached their duty to the Plaintiff **STEPHEN MATLIN** and public at large.

28.     That the aforesaid accident and the injuries to the Plaintiff **STEPHEN MATLIN** resulting there from were caused and sustained solely and wholly by reason of the negligence and carelessness of the Defendants, their agents, servants and/or employees and was, in no way, caused by the negligence or want of care on the part of the Plaintiff, **STEPHEN MATLIN** contributing thereto.

29.     That by reason of the foregoing, Plaintiff, **STEPHEN MATLIN** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss there from.

## AS AND FOR A THIRD CAUSE OF ACTION

1.        The Plaintiff repeats and realleges all Counts of the Preceding Causes of Action as if each was repeated herein.

2.        That on June 30, 2019, and at all times hereinafter mentioned, Defendant, **ABC CORP 1-10,** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

3.        That on June 30, 2019, and at all times hereinafter mentioned, Defendant, **ABC CORP 1-10,** was and still is a Limited Liability corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

4.        That at all times hereinafter mentioned, the Defendant **ABC CORP 1-10** was and still is a Partnership, or other similar business entity, duly organized and existing under and by virtue of the laws of the State of New Jersey.

5.        That on June 30, 2019, and at all times hereinafter mentioned, Defendant, **ABC CORP 1-10** operated as a towing company.

6.        That on June 30, 2019, and at all times hereinafter mentioned, Defendant, **ABC CORP 1-10** operated as a towing company and provided services to Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR.**

7.        On June 30, 2019, Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR**, directed Defendant **ABC CORP 1-10** to the location in Staten Island, New York where the Plaintiff **STEPHEN MATLIN** was waiting with a disabled car.

8.         On June 30, 2019, Defendant **ENTERPRISE HOLDINGS, INC.,** directed Defendant **ABC CORP 1-10** to the location in Staten Island, New York where the Plaintiff **STEPHEN MATLIN** was waiting with a disabled car.

9.         On June 30, 2019, Defendant **ABC CORP 1-10,** which was ordered by Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR,** drove Plaintiff **STEPHEN MATLIN** to the premises identified as ENTERPRISE RENT A CAR located at 25 Airport Bldg, 25, Newark, NJ 07114.

10.        On June 30, 2019, Defendant **ABC CORP 1-10,** which was ordered by Defendant **ENTERPRISE HOLDINGS, INC.,** drove Plaintiff **STEPHEN MATLIN** to the premises identified as ENTERPRISE RENT A CAR located at 25 Airport Bldg, 25, Newark, NJ 07114.

11.        On June 30, 2019, Defendant **ABC CORP 1-10,** which was ordered by Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR,** dropped Plaintiff **STEPHEN MATLIN** off at the premises identified as ENTERPRISE RENT A CAR located at 25 Airport Bldg, 25, Newark, NJ 07114.

12.        On June 30, 2019, Defendant **ABC CORP 1-10,** which was ordered by Defendant **ENTERPRISE HOLDINGS, INC.,** dropped Plaintiff **STEPHEN MATLIN** off at the premises identified as ENTERPRISE RENT A CAR located at 25 Airport Bldg, 25, Newark, NJ 07114.

13.        On June 30, 2019, Defendant **ABC CORP 1-10,** which was ordered by Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR,** instructed Plaintiff **STEPHEN MATLIN** to seek assistance from a Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR** employee who was situated in the exit booth at the

premises previously identified as ENTERPRISE RENT A CAR located at 25 Airport
Bldg, 25, Newark, NJ 07114.

14.	On June 30, 2019, Defendant **ABC CORP 1-10,** which was ordered by
Defendant **ENTERPRISE HOLDINGS, INC.,** instructed Plaintiff **STEPHEN
MATLIN** to seek assistance from a Defendant **ENTERPRISE HOLDINGS, INC.,**
employee who was situated in the exit booth at the premises previously identified as
ENTERPRISE RENT A CAR located at 25 Airport Bldg, 25, Newark, NJ 07114.

15.	On June 30, 2019, Plaintiff **STEPHEN MATLIN** was lawfully on the
aforesaid premises.

16.	On June 30, 2019, Plaintiff **STEPHEN MATLIN** was lawfully on the
aforesaid premises with the knowledge, permission and consent of the owner or
owners, their agents, servants and employees.

17.	On June 30, 2019, while Plaintiff **STEPHEN MATLIN** was lawfully
on the aforesaid premises, where a dangerous and defective condition existed for
pedestrians.  The dangerous and defective condition consisted of no safe way for
pedestrians to access the exit booths or speak with an employee in a safe manner.

18.	On June 30, 2019, Plaintiff **STEPHEN MATLIN** approached the
Defendants' employee who was situated in the exit booth.  Plaintiff, **STEPHEN
MATLIN,** was simultaneously struck on the head by the gate arm for exiting vehicles
and catapulted in the air by the release of the in ground disappearing road barrier
causing him  to sustain significant injuries requiring hospitalization.

19.	The above mentioned occurrence and the results thereof, were caused by
the joint, several and concurrent negligence of the Defendant **ABC CORP 1-10**, and/or

said Defendant's agents, servants, employees and/or licensees in the ownership,

operation, management, supervision, maintenance and control of the aforesaid situs of the

accident; in having knowingly allowed, created and/or permitted the aforesaid premises

and adjacent area to be, become and remain, in an unsafe, hazardous, and otherwise

dangerous and defective condition; in negligently putting  Plaintiff, **STEPHEN**

**MATLIN** in a position of peril; in negligently failing to provide a safe passage for

pedestrians, in failing to timely remedy the aforesaid negligent and dangerous conditions

of the aforesaid area despite actual and/or constructive notice of the defective and

dangerous conditions of same; in failing to warn the Plaintiff, **STEPHEN MATLIN**,

and others of the dangerous and defective  conditions thus creating a  menace and

hazardous condition for persons who would lawfully traverse the premises; in

failing to give Plaintiff, **STEPHEN MATLIN** guidance, instruction and assistance

reasonably designed to navigate, transport and deliver Plaintiff, **STEPHEN MATLIN**

from his position of peril with the disabled vehicle to a location where he was not

subject to bodily harm; and, the Defendants  their agents, servants and/or employees were

otherwise negligent in failing to take proper and suitable precautions to prevent and/or

avoid the aforesaid accident.

20.         That the Defendants had both actual and constructive notice of the

aforesaid dangerous conditions and/or created the aforesaid dangerous condition.

21.         That at all times hereinafter mentioned, Defendants, their agents, servants

and/or employees, were negligent in that they breached such duty.

22.         That the aforesaid accident and the injuries to the Plaintiff **STEPHEN**

**MATLIN** resulting there from were caused and sustained solely and wholly by reason

of the negligence and carelessness of the Defendants, their agents, servants and/or

employees and was, in no way, caused by the negligence or want of care on the part of

the Plaintiff, **STEPHEN MATLIN** contributing thereto.

23.        That by reason of the foregoing, Plaintiff, **STEPHEN MATLIN** was

caused to sustain serious injuries and to have suffered pain, shock and mental anguish;

that these injuries and their effects will be permanent; and as a result of said injuries

Plaintiff has been caused to incur, and will continue to incur, expenses for medical care

and attention; and, as a result, Plaintiff was, and will continue to be, rendered unable to

perform Plaintiff's normal activities and duties and has sustained a resultant loss there

from.

## AS AND FOR A FOURTH CAUSE OF ACTION

1.        The Plaintiff repeats and realleges all Counts of the Preceding Causes of

Action as if each was repeated herein.

2.        That on June 30, 2019, and at all times hereinafter mentioned,

Defendant, **JOHN/JANE DOE 1-10,** was employed by defendant ABC CORP 1-10.

3.        That on June 30, 2019, and at all times hereinafter mentioned,

Defendant, **JOHN/JANE DOE 1-10,** was employed by Defendant **ELRAC, LLC d/b/a**

**ENTERPRISE RENT A CAR.**

4.        That on June 30, 2019, and at all times hereinafter mentioned,

Defendant **JOHN/JANE DOE 1-10** operated a tow truck for

Defendant, **ABC CORP 1-10.**

5.      That on June 30, 2019, and at all times hereinafter mentioned, Defendant **JOHN/JANE DOE 1-10** operated a tow truck for Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR.**

6.      That on June 30, 2019, and at all times hereinafter mentioned, Defendant **JOHN/JANE DOE 1-10** operated a tow truck for Defendant **ENTERPRISE HOLDINGS, INC.**

7.      On June 30, 2019, Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR**, directed **JOHN/JANE DOE 1-10** to drive the tow truck to the location in Staten Island, New York where, the Plaintiff **STEPHEN MATLIN** was waiting with a disabled car.

8.      On June 30, 2019, Defendant **ENTERPRISE HOLDINGS, INC.,** directed **JOHN/JANE DOE 1-10** to drive the tow truck to the location in Staten Island, New York where, the Plaintiff **STEPHEN MATLIN** was waiting with a disabled car.

9.      On June 30, 2019, Defendant ABC CORP 1-10, directed **JOHN/JANE DOE 1-10** to drive the tow truck to the location in Staten Island, New York where the Plaintiff **STEPHEN MATLIN** was waiting with a disabled car.

10.     On June 30, 2019, Defendant **JOHN/JANE DOE 1-10,** who was ordered by Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR,** drove Plaintiff **STEPHEN MATLIN** to the premises identified as ENTERPRISE RENT A CAR located at 25 Airport Bldg, 25, Newark, NJ 07114.

11.     On June 30, 2019, Defendant **JOHN/JANE DOE 1-10,** who was ordered by Defendant **ENTERPRISE HOLDINGS, INC.,** drove Plaintiff **STEPHEN**

**MATLIN** to the premises identified as ENTERPRISE RENT A CAR located at 25 Airport Bldg, 25, Newark, NJ 07114.

12.      On June 30, 2019, Defendant **JOHN/JANE DOE 1-10,** who was ordered by Defendant ABC CORP 1-10, drove Plaintiff **STEPHEN MATLIN** to the premises identified as ENTERPRISE RENT A CAR located at 25 Airport Bldg, 25, Newark, NJ 07114.

13.      On June 30, 2019, Defendant **JOHN/JANE DOE 1-10** dropped Plaintiff **STEPHEN MATLIN** off at the premises identified as ENTERPRISE RENT A CAR located at 25 Airport Bldg, 25, Newark, NJ 07114.

14.      On June 30, 2019, Defendant **JOHN/JANE DOE 1-10** instructed Plaintiff **STEPHEN MATLIN** to seek assistance from a Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR** employee who was situated in the exit booth at the premises previously identified as ENTERPRISE RENT A CAR located at 25 Airport Bldg, 25, Newark, NJ 07114.

15.      On June 30, 2019, Defendant **JOHN/JANE DOE 1-10** instructed Plaintiff **STEPHEN MATLIN** to seek assistance from a Defendant **ENTERPRISE HOLDINGS, INC.,** employee who was situated in the exit booth at the premises previously identified as ENTERPRISE RENT A CAR located at 25 Airport Bldg, 25, Newark, NJ 07114.

16.      On June 30, 2019, Plaintiff **STEPHEN MATLIN** was lawfully on the aforesaid premises.

17.      On June 30, 2019, Plaintiff **STEPHEN MATLIN** was lawfully on the aforesaid premises with the knowledge, permission and consent of the owner or

owners, their agents, servants and/or employees and at the direction of Defendant **ABC CORP 1-10** and **JOHN/JANE DOE 1-10**.

18.      On June 30, 2019, while Plaintiff **STEPHEN MATLIN** was lawfully on the aforesaid premises, where a dangerous and defective condition existed for pedestrians.  The dangerous and defective condition consisted of no safe way for pedestrians to access the exit booths or speak with an employee in a safe manner.

19.      On June 30, 2019, Plaintiff **STEPHEN MATLIN** approached the Defendant employee who was situated in the exit booth.  Plaintiff, **STEPHEN MATLIN,** was simultaneously struck on the head by the gate arm for exiting vehicles and catapulted in the air by the release of the in ground disappearing road barrier causing him  to sustain significant injuries requiring hospitalization.

20.      The above mentioned occurrence and the results thereof, were caused by the joint, several and concurrent negligence of the Defendant **JOHN/JANE DOE 1-10,** and/or said Defendant's agents, servants, employees and/or licensees in the ownership, operation, management, supervision, maintenance and control of the aforesaid situs of the accident; in having knowingly allowed, created and/or permitted the aforesaid premises and adjacent area to be, become and remain, in an unsafe, hazardous, and otherwise dangerous and defective condition; in negligently failing to provide a safe passage for pedestrians, in failing to timely remedy the aforesaid negligent and dangerous conditions of the aforesaid area despite actual and/or constructive notice of the defective and dangerous conditions of same; in failing to warn the Plaintiff, **STEPHEN MATLIN,** and others of the dangerous and defective conditions thus creating a  menace and hazardous condition for persons who would lawfully traverse the premises; in

failing to give Plaintiff, **STEPHEN MATLIN** guidance, instruction and assistance reasonably designed to navigate, transport and deliver Plaintiff, **STEPHEN MATLIN** from his position of peril with the disabled vehicle to a location where he was not subject to bodily harm and, the Defendants their agents, servants and/or employees were otherwise negligent in failing to take proper and suitable precautions to prevent and/or avoid the aforesaid accident.

21.     That the Defendants had both actual and constructive notice of the aforesaid dangerous conditions and/or created aforesaid dangerous conditions.

22.     That at all times hereinafter mentioned, Defendants, their agents, servants and/or employees, were negligent in that they breached such duty to Plaintiff **STEPHEN MATLIN** and the public at large.

23.     That the aforesaid accident and the injuries to the Plaintiff **STEPHEN MATLIN** resulting there from were caused and sustained solely and wholly by reason of the negligence and carelessness of the Defendants, their agents, servants and/or employees and was, in no way, caused by the negligence or want of care on the part of the Plaintiff, **STEPHEN MATLIN** contributing thereto.

24.     That by reason of the foregoing, Plaintiff, **STEPHEN MATLIN** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss there from.

## AS AND FOR A FIFTH CAUSE OF ACTION

1.      The Plaintiff repeats and realleges all Counts of the Preceding Causes of

Action as if each was repeated herein.

2.      On June 30, 2019, Plaintiff **STEPHEN MATLIN** rented a car from

Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR.** The Enterprise Rent a

Car was located  in Staten Island, New York.

3.      On June 30, 2019, Plaintiff **STEPHEN MATLIN** rented a car from

Defendant **ENTERPRISE HOLDINGS, INC.** The Enterprise Rent a Car was located

in Staten Island, New York.

4.      Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR,** for many

years prior to Plaintiff, **STEPHEN MATLIN 's** accident of June 30, 2019, advertised

and represented to the public at large that "We Pick You Up" rarely, if ever, defining

the scope and limits of this representation.

5.      Defendant **ENTERPRISE HOLDINGS, INC.,** for many years prior to

Plaintiff, **STEPHEN MATLIN 's** accident of June 30, 2019, advertised and

represented to the public at large that "We Pick You Up" rarely, if ever, defining the

scope and limits of this representation.

6.      On June 30, 2019, during normal business hours, the car rented by

Plaintiff, **STEPHEN MATLIN**, while in use, overheated and broke down in Staten

Island, New York.

7.      On June 30, 2019, during normal business hours,  Plaintiff, **STEPHEN**

**MATLIN** contacted Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR** to

report the overheated and broken down car and was advised that Enterprise Rent a

Car would send a tow truck to the location.  Plaintiff, **STEPHEN MATLIN**

requested that another car be delivered to him or that he be provided with the "We

Pick You Up" pick up service to an Enterprise Rent a Car location.  The contact for

Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR** said that they would

get back to him. Plaintiff, **STEPHEN MATLIN** waited an hour or an hour and a half,

by the side of the road in Staten Island, New York before a tow truck arrived.

Enterprise Rent a Car failed to either (a) deliver another car to Plaintiff, **STEPHEN**

**MATLIN** or (b) provide Plaintiff, **STEPHEN MATLIN** with the advertised "We

Pick You Up" free pick up service to a Enterprise Rent a Car location.  Defendant

**ELRAC, LLC d/b/a ENTERPRISE RENT A CAR** advised Plaintiff, **STEPHEN**

**MATLIN** that they would not be providing the free pick up service and that he

should call for a taxi cab. The tow truck driver, which was ordered by Defendant

**ELRAC, LLC d/b/a ENTERPRISE RENT A CAR,** advised Plaintiff, **STEPHEN**

**MATLIN** that no taxi cab would come to the location where the tow truck driver

deposited the disabled vehicle and not wanting to leave Plaintiff, **STEPHEN**

**MATLIN** stranded in an industrial lot, drove him to the Enterprise Rent a Car at

Newark International Airport in Newark, New Jersey.

8.          On June 30, 2019, during normal business hours,  Plaintiff, **STEPHEN**

**MATLIN** contacted Defendant **ENTERPRISE HOLDINGS, INC.,** to report the

overheated and broken down car and was advised that Enterprise Rent a Car would

send a tow truck to the location.  Plaintiff, **STEPHEN MATLIN** requested that

another car be delivered to him or that he be provided with the "We Pick You Up"

pick up service to an Enterprise Rent a Car location.  The contact for Defendant

**ENTERPRISE HOLDINGS, INC.,** said that they would get back to him. Plaintiff, **STEPHEN MATLIN** waited an hour or an hour and a half, by the side of the road in Staten Island, New York before a tow truck arrived.   Enterprise Rent a Car failed to either (a) deliver another car to Plaintiff, **STEPHEN MATLIN** or (b) provide Plaintiff, **STEPHEN MATLIN** with the advertised "We Pick You Up" pick up service to a Enterprise Rent a Car location.  Defendant **ENTERPRISE HOLDINGS, INC.,** advised Plaintiff, **STEPHEN MATLIN** that they would not be providing the pick up service and that he should call for a taxi cab. The tow truck driver, which was ordered by Defendant **ENTERPRISE HOLDINGS, INC.,** advised Plaintiff, **STEPHEN MATLIN** that no taxi cab would come to the location where the tow truck driver deposited the disabled vehicle and, not wanting to leave Plaintiff, **STEPHEN MATLIN** stranded in an industrial lot, drove him to the Enterprise Rent a Car at Newark International Airport in Newark, New Jersey.

9.          The Consumer Fraud Act (hereinafter "CFA") was enacted and designed to protect consumers against unfair, deceptive and fraudulent business practices N.J. Stat. Ann. &56:8-1 *et. seq.*

10.          N.J. Stat. Ann. &56:8-1 provides:.

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice...

11.     The Consumer Fraud Act (hereinafter "CFA"), at NJSA 56:8-1, et. seq. prohibits businesses from engaging in any misrepresentations, deception, or unconscionable commercial conduct in connection with consumer sales.

12.     Plaintiff and Defendants are "persons" within the meaning of the CFA.

13.     Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR** violated the CFA by representing through the blanket "We Pick You Up" ad campaigns that they offer a free pick up service when in fact said service is narrowly limited by hours provided, location of pick up and drop off and circumstances under which the service is provided.

14.     Defendant **ENTERPRISE HOLDINGS, INC.,** violated the CFA by representing through the blanket "We Pick You Up" ad campaigns that they offer a pick up service when in fact said service is narrowly limited by hours provided, location of pick up and drop off and circumstances under which the service is provided.

15.     Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR** violated the CFA by deceptively advertising that they offer a free pick up service which service is advertised without qualification or definition of its narrow limited scope.

16.     Defendant **ENTERPRISE HOLDINGS, INC.,** violated the CFA by deceptively advertising that they offer a free pick up service which service is advertised without qualification or definition of its narrow limited scope.

17.     Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR** violated the CFA on June 30, 2019, by not picking up Plaintiff, **STEPHEN MATLIN** in

accordance with its advertising campaign promise to consumers that "We Pick You Up".

18.       Defendant **ENTERPRISE HOLDINGS, INC.,** violated the CFA on June 30, 2019, by not picking up Plaintiff, **STEPHEN MATLIN** in accordance with its advertising campaign promise to consumers that "We Pick You Up."

19.       Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR** violated the CFA by concealing from Plaintiff, **STEPHEN MATLIN**, on June 30, 2019, knowing that he was relying on this information, that they would not be providing the advertised free pick up service.

20.       Defendant **ENTERPRISE HOLDINGS, INC.,** violated the CFA by concealing from Plaintiff, **STEPHEN MATLIN**, on June 30, 2019, knowing that he was relying on this information, that they would not be providing the advertised pick up service.

21.       Had Defendant **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR** picked up Plaintiff **STEPHEN MATLIN** from the location of the disabled car in Staten Island, New York and dropped him off at a pedestrian friendly or other safe location the accident complained of and resulting injuries would not have occurred.

22.       Had Defendant **ENTERPRISE HOLDINGS, INC.,** picked up Plaintiff **STEPHEN MATLIN** from the location of the disabled car in Staten Island, New York and dropped him off at a pedestrian friendly or other safe location the accident complained of and resulting injuries would not have occurred.

23.       The above mentioned occurrence and the results thereof, were caused by the joint, several and concurrent negligence of the Defendants, and/or said Defendant's

agents, servants, employees and/or licensees in  failing to abide by their advertised

campaigns represented to the public at large that "We Pick You Up."; in refusing to

pick up Plaintiff, **STEPHEN MATLIN** at the location of the disabled vehicle or  the

lot where the rented car was towed and transport him to an Enterprise Rental Car

location or other safe and suitable location

24.        That the aforesaid accident and the injuries to the Plaintiff **STEPHEN**

**MATLIN** resulting there from were caused by reason of the Defendants' violation of

New Jersey's CFA.

25.        That by reason of Defendats' violation of New Jersey's CFA, Plaintiff,

**STEPHEN MATLIN** was caused to sustain serious injuries and to have suffered pain,

shock and mental anguish; that these injuries and their effects will be permanent; and

as a result of said injuries Plaintiff has been caused to incur, and will continue to

incur, expenses for  medical care and attention; and, as a result, Plaintiff was, and will

continue to be, rendered unable to perform Plaintiff's normal activities and duties and has

sustained a resultant loss there from.

26.        The foregoing acts, omissions and practices directly, foreseeably and

proximately caused Plaintiff to suffer an ascertainable loss in the form of, *inter alia*,

monies spent on the rental car, which did not provide the advertised services.

27.        Plaintiff **STEPHEN MATLIN** expended money on the rental car and did

not receive the promised services.

28.        Plaintiff **STEPHEN MATLIN** was damaged in the amount of money

expended on the rental car.  Plaintiff is entitled to recover such damages, together

with appropriate penalties, including treble damages, attorney fees and cost of suit.

29.         The CFA is, by its terms, a cumulative remedy, such that remedies under its provisions can be awarded in addition to those provided under separate statutory schemes.

## AS AND FOR A SIXTH CAUSE OF ACTION

1.         The Plaintiff repeats and realleges all Counts of the Preceding Causes of Action as if each was repeated herein.

2.         As set forth above **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR** misrepresented to Plaintiff **STEPHEN MATLIN** by means of its advertising, marketing and other promotional materials, that they provided a "We Pick You Up" service, available at non-airport locations during normal business hours.

3.         As set forth above **ENTERPRISE HOLDINGS, INC.,** misrepresented to Plaintiff **STEPHEN MATLIN** by means of its advertising, marketing and other promotional materials, that they provided a "We Pick You Up" service, available at non-airport locations during normal business hours.

4.         **ELRAC, LLC d/b/a ENTERPRISE RENT A CAR** made the misrepresentations herein alleged with the intention of inducing Plaintiff **STEPHEN MATLIN** to rent from Enterprise rent a Car.

5.         **ENTERPRISE HOLDINGS, INC.,** made the misrepresentations herein alleged with the intention of inducing Plaintiff **STEPHEN MATLIN** to rent from Enterprise rent a Car.

6.         Plaintiff **STEPHEN MATLIN** saw, believed and relied on Defendants' misrepresentations and, in reliance on them, rented his vehicles from Enterprise Rent a Car. Said reliance was reasonable, given Enterprise Rent a Car's clout and

generally good reputation among consumers. Plaintiff **STEPHEN MATLIN** was without ability to determine the truth of these statements on their own and could only rely on the Enterprise Defendants' statements in its advertising, marketing and other promotional materials.

7.         As a proximate result of the foregoing negligence misrepresentations by the Enterprise Defendants, Plaintiff **STEPHEN MATLIN,** and the public at large, were induced to spend an amount to be determined at trial on their rental car and were deprived of a promised service. Accordingly, and as a proximate result of the Enterprise Defendants' misrepresentations as set forth herein, Plaintiff lost his money paid, for the rental car, in an amount to be determined at trial in that it did not have the qualities he sought, which the Enterprise Defendants represented to him that it had. Had Plaintiff **STEPHEN MATLIN** known the true facts, he would not have rented from  Enterprise Rent a Car. Had the Defednats "picked up" Plaintiff **STEPHEN MATLIN** at the location of his disabled vehicle, or at the lot where his disabled vehicle was deposited by the tow truck company, in a manner consistent with Defendants' "We Pick You Up" ad campaign, the injures sustained by Plaintiff **STEPHEN MATLIN** would not have occurred.


## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demand the following relief against Defendants:

A. Awarding actual damages resulting from Defendants' wrongdoing in excess of $500,000.00;

B. Punitive damages in an amount to be proven at trial;

C. Treble Damages under the CFA;

D. Pre- and post-judgment costs, interest and attorney's fees;

E. Such other and further relief as this Court may deem appropriate and equitable.

Dated: May 12th, 2021

LAW OFFICE OF GLENN VERCHICK

Glenn Verchick
Attorney for Plaintiff
125 Elm Street, Suite 3
Westfield, New Jersey 07090
908-232-3661